UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                              Case No. 2:19-mj-30044

v.

D-1 Christian Newby,

    Defendant.
_____/

## AMENDED STIPULATION TO CONTINUE PRELIMINARY EXAMINATION AND REMOVAL HEARING

By and through their respective counsel, **THE PARTIES STIPULATE** and agree that there is good cause to continue the preliminary examination and removal hearing from May 20, 2019, to July 18, 2019 at 1:00 PM.

**IT IS FURTHER STIPULATED** that the time period from May 20, 2019, through and including July 18, 2019, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(1), that the parties are actively engaged in plea negotiations, and, 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination and removal hearing outweigh the best interests of the public and Defendant in a speedy trial.

The parties stipulate and agree that an ends of justice continuance is appropriate for the following reasons:

1. On January 31, 2019, Defendant was arrested in the Eastern District of Michigan, based on a federal arrest warrant issued in the Northern District of Illinois.

2. Defendant acknowledges that he is charged in a complaint dated January 29, 2019, pending in the Northern District of Illinois, for violations of Wire Fraud, pursuant to 18 United States Code Section 1343.

3. Defendant acknowledges that he has appeared before this Court and was advised of his rights as required by Fed. R. Crim. Pro. 5, including his right to have a preliminary examination and removal hearing.

4. The removal hearing is scheduled before the duty magistrate in the Eastern District of Michigan for May 20, 2019, at 1:00 p.m.

5. Rule 5.1 (d) states, in pertinent part, that "[W]ith the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times."

6. The parties, in an attempt to consolidate multiple legal matters, continue

to negotiate. The parties agree that this continued negotiation is good cause to extend the time period for which a removal hearing should be held pursuant to Rule 5.

Overall, a continuance of the preliminary examination and removal hearing is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by continuing the preliminary examination and removal hearing outweigh the best interests of the public and Defendant in a speedy trial.

The parties also stipulate and agree that this stipulation and any order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the parties request that the Court find that, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

3

**IT IS SO STIPULATED.**

Penny R. Beardslee  
Federal Community Defender  
Eastern District of Michigan  
613 Abbott St, 5th Flr  
Detroit, MI 48226  
(313) 967-5848 (direct line)  
(313) 962-0685 (fax)  
penny_beardslee@fd.org

*/s/ Robert J. White* (with consent)  
Assistant United States Attorney  
Eastern District of Michigan  
211 W. Fort Street, 2001  
Detroit, MI 48226  
(313) 226-9620  
Robert.White@usdoj.gov

Dated:  May 20, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:19-mj-30044

v.

D-1 Christian Newby,

    Defendant.
_____/

## AMENDED ORDER TO CONTINUE PRELIMINARY EXAMINATION AND REMOVAL HEARING

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the preliminary examination and removal hearing is continued from May 20, 2019 to July 18, 2019 at 1:00 PM.

**IF IS FURTHER ORDERED** that the time period from May 20, 2019, through and including July 18, 2019, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(1), that the parties are actively engaged in plea negotiations, and, 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination and removal hearing outweigh the best interests of the public and Defendant in a speedy trial.   The Court does find that an ends of justice continuance is appropriate for the following reasons:

1. On January 31, 2019, Defendant was arrested in the Eastern District of Michigan, based on a federal arrest warrant issued in the Northern District of Illinois.

2. Defendant acknowledges that he is charged in a complaint dated January 29, 2019, pending in the Northern District of Illinois, for violations of Wire Fraud, pursuant to 18 United States Code Section 1343.

3. Defendant acknowledges that he has appeared before this Court and was advised of his rights as required by Fed. R. Crim. Pro. 5, including his right to have a preliminary examination and removal hearing.

4. The removal hearing is scheduled before the duty magistrate in the Eastern District of Michigan for May 20, 2019, at 1:00 p.m.

5. Rule 5.1 (d) states, in pertinent part, that "[W]ith the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times."

6. The parties, in an attempt to consolidate multiple legal matters, continue to negotiate. The parties agree that this continued negotiation is good cause to extend the time period for which a removal hearing should be held pursuant to Rule 5.

Overall, a continuance of the preliminary examination and removal hearing is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by continuing the preliminary examination and removal hearing outweigh the best interests of the public and Defendant in a speedy trial.

This order shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the Court shall find that, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Date: May 20, 2019